UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IAN PHILLIP JAMES<br>6675 Horseshoe Drive<br>La Plata, MD 20646<br><br>    Plaintiff<br>v.<br><br>INTERNATIONAL PAINTERS AND<br>ALLIED TRADES INDUSTRY PENSION<br>PLAN, and<br>GARY J. MEYERS<br>1750 New York Avenue, N.W.,<br>Suite 501<br>Washington, D.C. 20006-5301<br><br>    Defendants | Case No: 1:07-cv-02107 RBW |

## ANSWER

Defendants International Painters and Allied Trades Industry Pension Fund ("Fund" or jointly with Meyers, "Pension Plan") and Gary J. Meyers, answer the Complaint in this action as follows

1. Admitted.

2. Admitted, except for failure to exhaust Plan administrative remedies before suit.

3. Admitted.

4. Admitted.

5. Admitted that the Plan has found Plaintiff eligible for a lifetime monthly pension of $409.68, effective March 2005, and otherwise denied.

6. Admitted.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

## COUNT ONE - MONETARY DAMAGES

11. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

12. Admitted only that Plaintiff claims to seek compensatory damages for past benefits that have been denied to him of $500,000, and otherwise denied as there is no basis in law or fact for any claim for that exorbitant amount nor any amount above the amount already awarded by the Pension Plan.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT TWO - DECLARATORY JUDGMENT

13. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

14. Admitted only that Plaintiff claims to seek a declaratory judgment as to the amount of retirement benefits, both past and future, from the International Painters and Allied Trades Industry Pension Plan, of $500,000, and otherwise denied as there is no basis in law or fact for any claim for that exorbitant amount nor any amount above the amount already awarded by the Pension Plan.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT THREE - INJUNCTIVE RELIEF

15. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

16. Admitted only that Plaintiff claims to seek injunctive relief ordering Defendant No. 2, Gary J. Meyers, the Fund Administrator, to pay the Plaintiff benefits, and otherwise denied as no such relief is necessary as Plaintiff is receiving the benefits to which he is entitled.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT FOUR - REFUSAL TO SUPPLY REQUESTED INFORMATION

17. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

18. Denied.

19. Admitted that Plaintiff's counsel sent a letter dated December 12, 2006, that otherwise speaks for itself and otherwise denied.

20. Admitted that Plaintiff's counsel, sent letters and/or faxes to Defendant Meyers or his designee, dated March 26, 2007, April 5, 2007, April 18, 2007, July 5, 2007, July 12, 2007, July 17, 2007 and August 17, 2007, that speak for themselves and otherwise denied.

21. Denied.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT FIVE - BREACH OF CONTRACT

22. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

23. Admitted that Plaintiff claims to seek damages for common law breach of contract in the amount of $500,000, and otherwise denied as there is no basis in law or fact for any claim for that exorbitant amount nor any amount above the amount already awarded by the Pension Plan.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

### COUNT SIX - ATTORNEYS FEES

24. Defendant incorporates by reference its prior answer to the allegations and in the Complaint.

25. Admitted that Plaintiff claims to seek attorneys fees and costs in pursuant to 29 U.S.C. §1132(g)(1) from both Defendants, jointly and severally, and otherwise denied as there is no basis in law or fact for the claim.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff had failed to exhaust Plan administrative remedies as required.

3. Plaintiff is precluded from filing the instant Complaint against the Plan pursuant to the governing Plan documents that provide for the decision of the Board of Trustees to be final and binding on Plaintiff, except for matters on which an arbitration award may be vacated under the federal Arbitration Act in Title 9, U.S.C..

4. The Pension Plan reserves any defense that Plaintiff's claims are barred (in whole or in part as to any claimed overdue payment) by the applicable statute of limitations, laches or any similar time limit.

5. Any claim in contract, tort or negligence under state common law in or a state law with respect to the Pension Plan is preempted by 29 U.S.C. §1144.

6. Plaintiff is not entitled to individual damages, exemplary or other punitive damages of $500,000 or legal relief sought in the complaint under ERISA.

7. The original records provided to the Pension Plan by the merged Glaziers Local 963 Plan (the only plan through which James has any service) showed no pension due to James at all. His pension was granted only after significant Pension Plan research suggested possible errors in the original records. The Pension Plan reserves the right to reduce or revoke benefits based on actual service and additional facts discovered in this lawsuit or subsequently.

WHEREFORE, Defendants ask that the Court dismiss the Complaint and award them their costs, including reasonable attorneys' fees, and such other relief as is just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.
/s/ Kent Cprek

KENT CPREK (D.C. ID # 478231)
510 Walnut Street – Suite 1600
Philadelphia, PA   19106-3683
215-351-0615

Counsel for Defendants

## CERTIFICATE OF SERVICE

I state under penalty of perjury that a copy of the foregoing Answer and Affirmative Defenses of Defendants was served electronically via the CM/ECF System and first class mail, postage prepaid on the date set forth below addressed to:

> Neil Intrater
> 2310 Evans Drive
> Silver Spring, MD 20902
> Intrater@comcast.net
> Attorney for Plaintiff

/s/ Kent Cprek

Dated: December 26, 2007

191397-1

6