```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

IAN PHILLIP JAMES                    :

        Plaintiff                    :

     v.                              :    Case No.: 1:07-cv-02107-RBW

INTERNATIONAL PAINTERS AND           :
ALLIED TRADES INDUSTRY
PENSION PLAN, et al.                 :

        Defendants                   :
```

## JOINT MEET AND CONFER STATEMENT

Counsel for the parties conferred pursuant to Local Rule 16.3 and Federal Rules of Civil Procedure 16(b) and 26(f). The following matters are addressed in the order set forth in Local Rule 16.3(c):

1. DISPOSITIVE MOTIONS: The likelihood of dispositive motions cannot be determined until discovery is complete.

2. ADDITIONAL PARTIES; AMENDMENT OF PLEADINGS: While the parties do not anticipate amendment of the pleadings, they agree to have until two weeks after the close of discovery to amend pleadings and/or add parties after which either party may, for good cause shown, seek additional time for discovery.

3. ASSIGNMENT TO MAGISTRATE JUDGE: The parties do not seek the assignment of the case to a Magistrate Judge.

4.  <u>SETTLEMENT</u>: The parties believe that discovery is needed before the case can be evaluated for settlement.

5.  <u>ALTERNATIVE DISPUTE RESOLUTION</u>: The parties believe it is premature to submit the case to alternative dispute resolution.

6.  <u>SUMMARY JUDGMENT</u>: Plaintiff believes a dispositive motion is likely based upon the documentation he has provided reflecting 14.54 service credits coupled with the Defendants refusal to provide any records, documents or explanation as required by law as to their denial of benefits. Defendant believes that a dispositive motion is likely based on experience with benefit cases and case law that requires deference to benefit plan fiduciaries.

7.  <u>INITIAL DISCLOSURES</u>: The parties agree that initial disclosures will be provided by April 1, 2008.

8.  <u>DISCOVERY</u>: The parties propose that discovery be completed by August 1, 2008. The usual limits on interrogatories, document requests and depositions under Fed R. Civ. Pro. 33, 34, 36 will apply absent leave for greater discovery by a separate future order of the Court.

9.  <u>EXPERT WITNESSES</u>: The parties do not presently anticipate the use of expert witnesses. However, the normal requirements for exchange of expert witness reports and

information should prevail. Expert reports should be provided within fifteen (15) days after the regular discovery period and expert depositions should be completed within 15 days thereafter.

10. <u>CLASS ACTION</u>: This item is not applicable to this case.

11. <u>BIFURCATION</u>: The parties do not propose bifurcation for trial or discovery.

12. <u>PRETRIAL</u>:  The parties propose that a pretrial conference be set after discovery has been completed at a date convenient for the Court.

13. <u>TRIAL</u>: The parties agree that the trial date should not be set until the pretrial conference

14. <u>OTHER MATTERS</u>: Plaintiff requests that the Court require initial disclosures from the Defendants to include all of Plaintiff's employment and union records as well as all documents used to calculate Plaintiff's service credits and benefits. These documents have been repeatedly requested by the Plaintiff and additional meaningful discovery cannot go forward without these documents. Defendants believe that Initial Disclosures should be made in accordance with applicable rules and that any additional relevant information or dispute relating thereto may best be handled by regular discovery procedures.

STATEMENT OF THE CASE

PLAINTIFF'S STATEMENT OF THE CASE:

   The Plaintiff brings this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1132 et seq. The Plaintiff, having qualified by virtue of his years of covered employment under a bargaining agreement of a union under the International Painters and Allied Trades Industry Pension Plan (previously Glaziers Local 963 Pension Plan), is entitled to retirement benefits under the Defendant pension plan.

   In February of 2005, Plaintiff applied for retirement benefits. In March of 2005, the Defendants denied Plaintiff's benefits altogether. Thereafter Plaintiff's social security records were authorized and received and in August of 2007, the Plaintiff was awarded pension benefits by the Defendants based upon only 9.5 years of service credits. The Plaintiff, however, is entitled to 14.54 years of service credits.

   The Plaintiff has repeatedly requested that the Defendants provide the Plaintiff with his union employment records, other relevant documents and an understandable explanation of their denial of Plaintiff's service credits. The Defendants, however, have failed to supply any records whatsoever other than a single cryptic line from an unidentified spreadsheet, and failed to provide Plaintiff with any good faith explanation for the denial

of benefits thereby violating 29 U.S.C. §1132(c)(1))(B) and 29 U.S.C. §1133.

DEFENDANT'S STATEMENT OF THE CASE:

Plaintiff has no connection to the Fund other than claims under the Glaziers Local 963 Plan ("Local 963 Plan"), which merged into the Fund effective January 1, 1998.  Plaintiff initially was denied benefits as there was no record of a vested benefit due him in lists provided by the Local 963 Plan.  He was granted a pension granted only after the Plan staff located an old printout from 1973 showing 9.5 years of service research. The Plan gave Plaintiff the benefit of the doubt on vesting and calculated a vested deferred benefit for him under the Local 963 Plan based on the 9.5 years of service on the printout. The Plan staff awarded Plaintiff a lifetime monthly pension of $409.68, effective March 2005, on June 27, 2007.

Plaintiff remained unhappy and filed both an appeal and this premature lawsuit.  The appeal is scheduled for hearing at a Board of Trustees' meeting in February 2008.

Plaintiff has not produced any evidence to show more contributory hours and work than appear on the 1973 Local 963 Plan printout.  Union membership is not of itself a guarantee or basis for Fund pension benefits.

The Fund must and has reserved the right to reduce or revoke

-5-

benefits that are not payable under plan terms, based on actual service and additional facts discovered in the lawsuit or subsequently. A review of older Local 963 plan documents suggests that the participant suffered a permanent break and loss of all service before ERISA under his own claimed work history. This would explain his absence from the records of vested participants at the merger date. If this proves true, the Plan may cease payment and counter-claim to recover benefits paid.

The Plan has provided all documents that it is required to produce to Plaintiff and his counsel. It has attempted to answer questions, but is not required to perform special calculations and provide every form of information demanded by Plaintiff or his counsel. They must do their own legal work and calculations at their own expense.

Respectfully submitted,

| | |
|---|---|
| /s/ Neil Intrater | /s/ Kent Cprek |
| Neil Intrater  #362459 | Kent Creek (DC ID# 478231) |
| 2310 Evans Drive | 510 Walnut Street |
| Silver Spring, MD 20902-4173 | Suite 1600 |
| 301-754-0378 | Philadelphia, PA 19106-3683 |
| Attorney for Plaintiff | 215-351-0615 |
| | Attorney for Defendants |

```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

IAN PHILLIP JAMES                    :

        Plaintiff                    :

    v.                               :   Case No.: 1:07-cv-02107-RBW

INTERNATIONAL PAINTERS AND           :
ALLIED TRADES INDUSTRY
PENSION PLAN, et al.                 :

        Defendants                   :
```

## PROPOSED
### SCHEDULING ORDER

Upon Consideration of the parties' Joint 16.3 Report, it is by the Court this _____ day of _____, 2008 hereby,

ORDERED, that initial disclosures shall be provided by _____ April 1, 2008,

ORDERED, that discovery shall be completed by _____ August 1, 2008,

ORDERED, that expert reports, if any, shall be exchanged by _____ August 15, 2008 and expert witness depositions shall be completed by _____ August 29, 2008,

ORDERED, that any motions for summary judgment shall be filed on or before _____ September 30, 2008,

ORDERED, that any oppositions shall be filed by _____ October 21, 2008,

ORDERED, that any replies shall be filed by _____ November 5, 2008, and

ORDERED, that any pre-trial conference and trial schedule will be set by later order of the Court.

_____
Reggie B. Walton
United States District Court Judge