**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IAN PHILLIP JAMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| INTERNATIONAL PAINTERS AND | ) | 1:07-CV-02107-RBW |
| ALLIED TRADES INDUSTRY | ) | |
| PENSION PLAN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**UNOPPOSED**
**MOTION TO AMEND ANSWER OF DEFENDANTS**

Defendants International Painters and Allied Trades Industry Pension Fund ("Plan") and Gary J. Meyers ("Meyers") and, together, ("Defendants") through their undersigned counsel, move to amend the answer in the above-captioned matter to add a counterclaim for a declaration of Plaintiff's ineligibility to receive pension benefits and to recover benefits paid in the form attached as Exhibit 1.

In support of this motion, the Defendants aver the following:

1. On November 20, 2007, a Complaint was filed in the above-captioned matter by Plaintiff Ian Phillip James.

2. The Complaint was served on the Defendants on December 7, 2007.

3. Defendants filed an Answer on December 26, 2007.

4. Rule 15(a) of the Federal Rules of Civil Procedure permits the amendment of a pleading once as a matter of course at any time before a responsive pleading is served or by leave of the court, which shall freely be given when justice so requires.

5. Defendants seek leave to amend their Answer to include a counterclaim for declaration of Plaintiff's ineligibility to receive pension benefits and to recover benefits paid.

193896_1.DOC

6. Counsel for Plaintiff informed Defendants' counsel verbally on February 26, 2008 following the initial scheduling conference in this matter that he does not oppose this motion. A draft of this motion and proposed amended Answer were delivered to counsel for Plaintiff on March 3, 2008.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Amend the Answer and permit the proposed Amended Answer attached as Exhibit 1 to be filed.

>Respectfully submitted,
>
>JENNINGS SIGMOND, P.C.
>
> /s/  Kent Cprek
>KENT CPREK
>DC Bar No. 478231
>JUDITH SZNYTER
>The Penn Mutual Towers – 16th Floor
>510 Walnut Street
>Independence Square
>Philadelphia, PA   19106-3683
>215-351-0615 / 0617
>Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IAN PHILLIP JAMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL PAINTERS AND | ) | |
| ALLIED TRADES INDUSTRY | ) | CIVIL ACTION NO. |
| PENSION PLAN, et al. | ) | 1:07-CV-02107-RBW |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION TO AMEND ANSWER TO COMPLAINT**

Plaintiff International Painters and Allied Trades Industry Pension Fund ("Plan") and Gary J. Meyers ("Meyers") and, together, ("Defendants") through their undersigned counsel, file this Memorandum of Points And Authorities in Support of Defendants' Motion to Amend Answer .

**BACKGROUND**

On November 20, 2007, a complaint was filed in the above-captioned matter by Plaintiff Ian Phillip James. The Complaint seeks pension benefits from the Glaziers Local 963 Pension Plan, which has since merged into the Defendant Plan, that Plaintiff alleges improperly were denied him. The Complaint was served on Defendants on December 7, 2007. Defendant filed an Answer on December 26, 2007.

Plaintiff also filed an appeal to the Plan Trustees, which was considered at their February 2008 meeting. The additional research on that appeal and the lawsuit indicates that Plaintiff may not have vested under the Local 963 Plan and thus would not be entitled to any benefits. Defendants now seek leave to amend the Answer to include a counterclaim for a declaration of Plaintiff's ineligibility to receive pension benefits.

**ARGUMENT**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading be "freely given when justice so requires." Fed.R.Civ.P. 15(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Ciralsky v. C.I.A.*, 355 F.3d 661, 666 (D.C. Cir. 2004); *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir.1999); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (court should use "strong liberality" in considering whether to grant leave to amend).

The touchstone of Rule 15 thus is to allow an amendment of pleadings where doing so will not unduly prejudice the other party. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Woodson v. Fulton*, 614 F.2d 940, 943 (4th Cir. 1980). The court should grant a request to amend, unless there has been ""undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment**."** *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bryn Mawr Hospital v. Coatesville Elec. Supply Co.*, 776 F.Supp. 181, 185-86 (E.D. Pa. 1991) (court will only refuse to allow amendment if the opposing party can show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence). The instant Motion to Amend is not opposed by Plaintiff.

The proposed counterclaim against James arises out of the same conduct underlying the claims in the original complaint. As such, the liberal rules for allowance of amended pleadings favor allowance of Defendants' request for leave to file an Amended Answer in this matter.

Pursuant to Federal Rule of Civil Procedure 15(c)(2), the amendment of the Answer and counterclaim should relate back to the original date of the filing of the Answer on December 26, 2007.

## CONCLUSION

The Court should grant leave to file an Amended Answer with a counterclaim in the form attached to the Motion in accordance with the attached proposed Order.

                                    Respectfully submitted,

                                    JENNINGS SIGMOND, P.C.

                                    /s/ Kent Cprek
                                    KENT CPREK
                                    DC Bar No. 478231
                                    JUDITH SZNYTER
                                    The Penn Mutual Towers – 16th Floor
                                    510 Walnut Street
                                    Independence Square
                                    Philadelphia, PA   19106-3683
                                    215-351-0615/0617
                                    Counsel for Plaintiff

Date:  March 3, 2008

## CERTIFICATE OF SERVICE

     I state under penalty of perjury that I caused a copy of the foregoing Defendants' Motion to Amend Answer along with Memorandum of Points and Authorities in support thereof to be served via the ECF system and first class mail, postage prepaid on the date and to the address below:

Neil Intrater<br>
2310 Evans Drive<br>
Silver Spring, Maryland 20902<br>
Attorney for Plaintiff

                                        s/ Kent Cprek
                                        KENT CPREK

Date: March 3, 2008

193896_1.DOC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IAN PHILLIP JAMES )<br>)<br>Plaintiff, )<br>v. )<br>) CIVIL ACTION NO.<br>INTERNATIONAL PAINTERS AND ) 1:07-CV-02107-RBW<br>ALLIED TRADES INDUSTRY )<br>PENSION PLAN, et al. )<br>)<br>Defendants. ) | |

**ORDER**

Upon consideration of the unopposed Motion of Defendants to Amend Answer to add a counterclaim (the "Motion"), it is hereby ORDERED:

1. The Motion is granted.

2. Pursuant to Local Rule 15.1, the proposed amended answer and counterclaim attached to the Motion shall be deemed filed and served by mail on the date of entry of this Order.

3. The Amended Answer shall relate back to the date of the original filing of the Answer.

DATE: _____          _____
                                                          Reggie B. Walton,    J.

193896_1.DOC