UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IAN PHILLIP JAMES<br>6675 Horseshoe Drive<br>La Plata, MD 20646<br><br>　　　　　Plaintiff<br>v.<br><br>INTERNATIONAL PAINTERS AND<br>ALLIED TRADES INDUSTRY PENSION<br>PLAN, and<br>GARY J. MEYERS<br>1750 New York Avenue, N.W.,<br>Suite 501<br>Washington, D.C. 20006-5301<br><br>　　　　　Defendants | Case No: 1:07-cv-02107 RBW |

## AMENDED ANSWER & COUNTERCLAIM

Defendants International Painters and Allied Trades Industry Pension Fund ("Fund" or jointly with Meyers, "Pension Plan") and Gary J. Meyers, answer the Complaint in this action as follows

  1.  Admitted.

  2.  Admitted, except for failure to exhaust Plan administrative remedies before suit.

  3.  Admitted.

  4.  Admitted.

  5.  Admitted that the Plan has found Plaintiff eligible for a lifetime monthly pension of $409.68, effective March 2005, and otherwise denied.

  6.  Admitted.

  7.  Admitted.

  8.  Denied.

9. Denied.

10. Denied.

## COUNT ONE - MONETARY DAMAGES

11. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

12. Admitted only that Plaintiff claims to seek compensatory damages for past benefits that have been denied to him of $500,000, and otherwise denied as there is no basis in law or fact for any claim for that exorbitant amount nor any amount above the amount already awarded by the Pension Plan.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT TWO - DECLARATORY JUDGMENT

13. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

14. Admitted only that Plaintiff claims to seek a declaratory judgment as to the amount of retirement benefits, both past and future, from the International Painters and Allied Trades Industry Pension Plan, of $500,000, and otherwise denied as there is no basis in law or fact for any claim for that exorbitant amount nor any amount above the amount already awarded by the Pension Plan.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT THREE - INJUNCTIVE RELIEF

15. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

16. Admitted only that Plaintiff claims to seek injunctive relief ordering Defendant No. 2, Gary J. Meyers, the Fund Administrator, to pay the Plaintiff benefits, and otherwise denied as no such relief is necessary as Plaintiff is receiving the benefits to which he is entitled.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT FOUR - REFUSAL TO SUPPLY REQUESTED INFORMATION

17. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

18. Denied.

19. Admitted that Plaintiff's counsel sent a letter dated December 12, 2006, that otherwise speaks for itself and otherwise denied.

20. Admitted that Plaintiff's counsel, sent letters and/or faxes to Defendant Meyers or his designee, dated March 26, 2007, April 5, 2007, April 18, 2007, July 5, 2007, July 12, 2007, July 17, 2007 and August 17, 2007, that speak for themselves and otherwise denied.

21. Denied.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT FIVE - BREACH OF CONTRACT

22. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

23. Admitted that Plaintiff claims to seek damages for common law breach of contract in the amount of $500,000, and otherwise denied as there is no basis in law or fact for any claim for that exorbitant amount nor any amount above the amount already awarded by the Pension Plan.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT SIX - ATTORNEYS FEES

24. Defendant incorporates by reference its prior answer to the allegations and in the Complaint.

25. Admitted that Plaintiff claims to seek attorneys fees and costs in pursuant to 29 U.S.C. §1132(g)(1) from both Defendants, jointly and severally, and otherwise denied as there is no basis in law or fact for the claim.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff had failed to exhaust Plan administrative remedies as required.

3. Plaintiff is precluded from filing the instant Complaint against the Plan pursuant to the governing Plan documents that provide for the decision of the Board of Trustees to be final and binding on Plaintiff, except for matters on which an arbitration award may be vacated under the federal Arbitration Act in Title 9, U.S.C..

4. The Pension Plan reserves any defense that Plaintiff's claims are barred (in whole or in part as to any claimed overdue payment) by the applicable statute of limitations, laches or any similar time limit.

5. Any claim in contract, tort or negligence under state common law in or a state law with respect to the Pension Plan is preempted by 29 U.S.C. §1144.

6. Plaintiff is not entitled to individual damages, exemplary or other punitive damages of $500,000 or legal relief sought in the complaint under ERISA.

7. The original records provided to the Pension Plan by the merged Glaziers Local 963 Plan (the only plan through which James has any service) showed no pension due to James at all. His pension was granted only after significant Pension Plan research suggested possible errors in the original records. The Pension Plan reserves the right to reduce or revoke benefits based on actual service and additional facts discovered in this lawsuit or subsequently.

WHEREFORE, Defendants ask that the Court dismiss the Complaint and award them their costs, including reasonable attorneys' fees, and such other relief as is just, necessary or appropriate.

## COUNTERCLAIM

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this counterclaim action pursuant to 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and/or the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) as to any claims that are found to lie under state law. The claims asserted relate to enforcement of the terms of an employee benefit plan or the Employee Retirement Income Security Act ("ERISA") and redress of such violations, with related claims under the federal common law of ERISA.

2. Venue lies in this District pursuant to 29 U.S.C. § 1132 (e)(2) and/or 28 U.S.C. § 1391(b).

3. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail.

4. There is a real and actual case or controversy between Plaintiff and Defendants over Plaintiff's entitlement to pension benefits.

## PARTIES

5. Counter-Plaintiff International Painters and Allied Trades Industry Pension Plan ("Plan") is a "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3). It has capacity to sue and be sued in its own name under 29 U.S.C. §1132(d) and Fed.R.Civ.Pro. 17.

6. Counter-Plaintiff Gary J. Meyers ("Fiduciary" or, jointly or severally with the Plan, "Counter-Plaintiffs") is a fiduciary of the Plan with respect to payment of benefits and collection of overpayments within the meaning of 29 U.S.C. § 1002(21). He is authorized to sue as a fiduciary on behalf of the Plan and its entire Board of Trustees.

7. Counter-Defendant Ian P. James ("James" or "Counter-Defendant") is an individual who resides at the address in the caption.

## BACKGROUND

8. Plaintiff was an employee who worked under the Glaziers' Local 963 Pension Plan ("Local 963 Plan").

9. The Local 963 Plan merged into the Plan, effective January 1, 1998.

10. Under the terms of the merger agreement and applicable law, the Plan assumed any vested benefit liabilities of the Local 963 Plan.

11. James applied for benefits from the Plan on or about February 16, 2005.

12. The original participant records provided to the Plan by the Local 963 Plan (the only pension plan through which James has any service) showed no pension due to James at all.

13. A first appeal in August 2005 found that James was not vested, but provided for further review after receipt of a detailed Social Security Administration (SSA) earnings report. The Plan reviewed the SSA earnings report and collective bargaining agreements with IUPAT District Council 51 (which encompasses Local 963) and was not able to reach any better conclusion from that review.

14. The Plan staff did uncover a Local 963 Plan record from 1973 in the review process. According to this printout, James accumulated 3.3 years of past service credit before October 1, 1965 and 6.2 years of future service credit under the Local 963 Plan for work with contributing employers from 1962 to 1972.

15. A year of vesting service required less than a half year of work under the Local 963 Plan.

16. The Plan issued a revised determination on June 27, 2007 found that the Plaintiff was eligible for a lifetime monthly pension of $409.68, effective March 2005, under the merged Glaziers Local 963 Plan ("Local 963 Plan"), based on 9.5 years of service under the Local 963 Plan record.

17. The Plaintiff has not returned the forms needed to start payment of his pension benefits.

18. The Plaintiff instead filed an appeal to the Plan Board of Trustees that was considered at the Board meeting in February 2008.

19. The appeal and lawsuit resulted in a deeper review of available Local 963 Plan documents that indicate different vesting rules for the Plaintiff in 1973. Specifically, the 1993 Local 963 Plan summary plan description (SPD) indicates that an employee lost all credit on a break of two (2) calendar years with less than 160 hours of credit before ERISA's vesting rules took effect in 1978. These rules are preserved by ERISA and the earliest available full Local 963 Plan document from 1993. If an employee's service was lost, he was only restored to participation by completing 870 or more hours in 12 consecutive months after 1976 under the 1993 Local 963 Plan.

20. Under the extant documents, Plaintiff suffered a loss of all vesting service credit before ERISA with no credit in 1973 - 1977 under his own claimed work history. This would explain his absence from the list of Local 963 Plan participants at the merger date.

21. The Plaintiff's claim of renewed union work in 1979 and 1980 would not restore his lost service nor vest him in any benefit under the Local 963 Plan or the merged Plan.

22. The Plan and its fiduciaries, including Defendant Meyers, wish protectively to assert James' lack of eligibility.

23. All conditions precedent to this lawsuit have been satisfied.

**COUNT I – ENFORCEMENT OF PENSION PLAN TERMS**

24. Plaintiffs incorporate Paragraphs 1 through 23 of this Counterclaim by reference as if fully restated.

25. Plaintiff is not entitled to pension benefits under the terms of the Local 963 Plan or the merged Plan.

26. Counter-Plaintiffs are adversely affected by Plaintiff's claims or other acts or omissions in violation of the Fund's plan of benefits.

WHEREFORE, Counter-Plaintiffs ask that the Court:

(a) Declare the rights of the parties and enter judgment against Plaintiff in favor of Defendants determining that Plaintiff is not entitled to pension benefits under the terms of the Local 963 Plan or the Plan.

(b) enjoin any act or practice that violates the terms of the Plan, including payment to Plaintiff during the pendency of this lawsuit, and grant other appropriate equitable relief to redress such violations or enforce the terms of the Plan, and

(c) grant such other relief, equitable, remedial or legal, as may be just, necessary or appropriate and allowable under applicable law, including attorney fees, recovery of any amounts paid or payable during this lawsuit and interest thereon.

Respectfully submitted,

JENNINGS SIGMOND, P.C.
/s/ Kent Cprek_____

KENT CPREK (D.C. ID # 478231)
510 Walnut Street – Suite 1600
Philadelphia, PA   19106-3683
215-351-0615

Counsel for Defendants

# CERTIFICATE OF SERVICE

I state under penalty of perjury that I caused a copy of the foregoing Defendants' Motion to Amend Answer along with Memorandum of Points and Authorities in support thereof to be served via the ECF system and first class mail, postage prepaid on the date and to the address below:

Neil Intrater<br>
2310 Evans Drive<br>
Silver Spring, Maryland 20902<br>
Attorney for Plaintiff

s/ Kent Cprek
KENT CPREK

Date: March 3, 2008

193896_1.DOC