UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IAN PHILLIP JAMES** | : |
| **Plaintiff** | : |
| v. | :    Case No.: 1:07-cv-02107-RBW |
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION PLAN, at al.** | : |
| | : |
| **Defendants** | : |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW the Plaintiff, Ian Philip James, by and through his attorney, and moves this Honorable Court for leave to file the attached Amended Complaint pursuant to F.R.C.P. 15(a)(2). Counsel for the Defendants has consented to this motion.

As a result of recent developments in this case, the Plaintiff wishes to amend his Complaint to allege retaliatory conduct by the Defendants not only against the Plaintiff, but also against a witness, Harold Schwartz, whose pension has been terminated by the Defendants following his being named as a witness for the Plaintiff. As to both the witness and the Plaintiff himself, the Plaintiff alleges retaliatory interference with protected rights in violation of 29 U.S.C.A. §1140.

Plaintiff also wishes to amend the Complaint to assert that the Defendants improperly denied the pension award that the Plaintiff accepted on June 7, 2008 and that such denial was an abuse of discretion.

WHEREFORE, for these reasons as further set forth in the attached Memorandum of Points and Authorities, the Plaintiff requests that the Plaintiff be granted leave to file the

attached Amended Complaint.

                                Respectfully submitted,

                                /s/  Neil Intrater
                              _____
Neil Intrater
2310 Evans Drive
Silver Spring, Maryland 20902
301-754-0378
Intrater@comcast.net
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IAN PHILLIP JAMES** | : | |
| **Plaintiff** | : | |
| v. | : | **Case No.: 1:07-cv-02107-RBW** |
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION PLAN, at al.** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

In February of 2005, the Plaintiff applied for retirement pension benefits from the Defendants. After the Plaintiff was first denied any benefits, he produced documentation to the Defendants establishing that he was vested employee. While the Defendants thereafter approved a monthly pension of $409.68 for the Plaintiff, that amount was based on 9.5 years of credit rather than the 14.54 years that the Plaintiff claims. The Plaintiff thereafter filed the original Complaint in this case on November 20, 2007.

During discovery in this case, the Plaintiff named his former partner, Harold Schwartz, as a witness who would testify in favor of the Plaintiff and establish that the Plaintiff was entitled to a larger pension than the Defendants had awarded. During the course of the discovery process, Plaintiff decided, due to the lack of documentation being produced by the Defendants and concern about retaliation against himself and his witness, to discontinue the litigation and accept the $409.68 pension which had been previously awarded.

On June 7, 2008, Plaintiff executed the acceptance forms for the $409.68 pension and mailed them to the Defendants with the intention of dismissing the instant lawsuit if the Defendants honored the acceptance. The Defendants, by letter dated June 19, 2008, rejected the

acceptance of benefits from the Plaintiff and reduced the amount of benefits offered to the Plaintiff from $409.68 to $46.93 per month. Plaintiff alleges that this reduction was done in retaliation against the Plaintiff for filing suit.

In addition to retaliating against the Plaintiff, the Defendants also retaliated against his witness, Harold Schwartz. Schwartz, the Plaintiff's former partner, had been awarded a monthly pension of $602.00 in March of 2002 by the Defendants which the Defendants had been paying to him since that date.

After Schwartz was named as a witness in this case who would testify in favor of the Plaintiff, the Defendants summarily terminated Schwartz' pension by letter dated June 19, 2008. The termination of Schwartz' pension was done without affording him any hearing or opportunity to protect the pension that he had been receiving for over five years. The termination of Schwartz' pension was done, Plaintiff asserts, as retaliation against Schwartz' for his willingness to testify against the union.

Plaintiff wishes to amend the complaint to allege that the retaliation against both the Plaintiff and his witness constitutes an interference with protected rights in violation of 29 U.S.C.A. §1140. Plaintiff wishes to further allege that, after the Plaintiff accepted the previously awarded $409.68 monthly pension, it was an abuse of discretion for the Defendants to reject that acceptance and reduce the offered monthly pension to $46.93.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires".  In the absence of improper motive or some other compelling reason, the "freely given" requirement of Rule 15 should be heeded. *Foman v. Davis*, 371 U.S.

178, 182, 83 S.Ct. 227, 230 (1962).

      WHEREFORE, Plaintiff prays that leave be granted to file the attached Amended Complaint and that, pursuant to Local Civil Rule 7(i), said Amended Complaint be deemed to have been filed and served.

                                                  Respectfully submitted,

                                                  /s/ Neil Intrater
                                                _____
                                                Neil Intrater
                                                2310 Evans Drive
                                                Silver Spring, Maryland 20902
                                                301-754-0378
                                                Intrater@comcast.net
                                                Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IAN PHILLIP JAMES** | : | |
| **Plaintiff** | : | |
| v. | : | Case No.: 1:07-cv-02107-RBW |
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION PLAN, at al.** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Upon consideration of the Plaintiff's Motion for Leave to File Amended Complaint and and it appearing that such motion should be granted, it is by the Court this _____ day of _____, 2008,

ORDERED, that the Plaintiff's Motion for Leave to File Amended Complaint be, and the same hereby is, granted; and it is further,

ORDERED, that, pursuant to Local Civil Rule 7(i), the Amended Complaint filed with the motion is hereby deemed to have been filed and served.

_____
J U D G E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IAN PHILLIP JAMES | : | |
| **Plaintiff** | : | |
| v. | : | Case No.: 1:07-cv-02107-RBW |
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION PLAN, at al. | : : | |
| **Defendants** | : | |

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW the Plaintiff, Ian Philip James, by and through his attorney, and moves this Honorable Court for leave to file the attached Amended Complaint pursuant to F.R.C.P. 15(a)(2). Counsel for the Defendants has consented to this motion.

As a result of recent developments in this case, the Plaintiff wishes to amend his Complaint to allege retaliatory conduct by the Defendants not only against the Plaintiff, but also against a witness, Harold Schwartz, whose pension has been terminated by the Defendants following his being named as a witness for the Plaintiff.  As to both the witness and the Plaintiff himself, the Plaintiff alleges retaliatory interference with protected rights in violation of 29 U.S.C.A. §1140.

Plaintiff also wishes to amend the Complaint to assert that the Defendants improperly denied the pension award that the Plaintiff accepted on June 7, 2008 and that such denial was an abuse of discretion.

WHEREFORE, for these reasons as further set forth in the attached Memorandum of Points and Authorities, the Plaintiff requests that the Plaintiff be granted leave to file the

attached Amended Complaint.

                                      Respectfully submitted,


                                        /s/  Neil Intrater
                                  _____
                                  Neil Intrater
                                  2310 Evans Drive
                                  Silver Spring, Maryland 20902
                                  301-754-0378
                                  Intrater@comcast.net
                                  Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IAN PHILLIP JAMES** | : | |
| **Plaintiff** | : | |
| v. | : | Case No.: 1:07-cv-02107-RBW |
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION PLAN, at al.** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

In February of 2005, the Plaintiff applied for retirement pension benefits from the Defendants. After the Plaintiff was first denied any benefits, he produced documentation to the Defendants establishing that he was vested employee. While the Defendants thereafter approved a monthly pension of $409.68 for the Plaintiff, that amount was based on 9.5 years of credit rather than the 14.54 years that the Plaintiff claims. The Plaintiff thereafter filed the original Complaint in this case on November 20, 2007.

During discovery in this case, the Plaintiff named his former partner, Harold Schwartz, as a witness who would testify in favor of the Plaintiff and establish that the Plaintiff was entitled to a larger pension than the Defendants had awarded. During the course of the discovery process, Plaintiff decided, due to the lack of documentation being produced by the Defendants and concern about retaliation against himself and his witness, to discontinue the litigation and accept the $409.68 pension which had been previously awarded.

On June 7, 2008, Plaintiff executed the acceptance forms for the $409.68 pension and mailed them to the Defendants with the intention of dismissing the instant lawsuit if the Defendants honored the acceptance. The Defendants, by letter dated June 19, 2008, rejected the

acceptance of benefits from the Plaintiff and reduced the amount of benefits offered to the Plaintiff from $409.68 to $46.93 per month. Plaintiff alleges that this reduction was done in retaliation against the Plaintiff for filing suit.

In addition to retaliating against the Plaintiff, the Defendants also retaliated against his witness, Harold Schwartz. Schwartz, the Plaintiff's former partner, had been awarded a monthly pension of $602.00 in March of 2002 by the Defendants which the Defendants had been paying to him since that date.

After Schwartz was named as a witness in this case who would testify in favor of the Plaintiff, the Defendants summarily terminated Schwartz' pension by letter dated June 19, 2008. The termination of Schwartz' pension was done without affording him any hearing or opportunity to protect the pension that he had been receiving for over five years. The termination of Schwartz' pension was done, Plaintiff asserts, as retaliation against Schwartz' for his willingness to testify against the union.

Plaintiff wishes to amend the complaint to allege that the retaliation against both the Plaintiff and his witness constitutes an interference with protected rights in violation of 29 U.S.C.A. §1140. Plaintiff wishes to further allege that, after the Plaintiff accepted the previously awarded $409.68 monthly pension, it was an abuse of discretion for the Defendants to reject that acceptance and reduce the offered monthly pension to $46.93.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires".  In the absence of improper motive or some other compelling reason, the "freely given" requirement of Rule 15 should be heeded. *Foman v. Davis*, 371 U.S.

178, 182, 83 S.Ct. 227, 230 (1962).

WHEREFORE, Plaintiff prays that leave be granted to file the attached Amended Complaint and that, pursuant to Local Civil Rule 7(i), said Amended Complaint be deemed to have been filed and served.

Respectfully submitted,

　　/s/  Neil Intrater
_____
Neil Intrater
2310 Evans Drive
Silver Spring, Maryland 20902
301-754-0378
Intrater@comcast.net
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IAN PHILLIP JAMES** | : | |
| **Plaintiff** | : | |
| v. | : | Case No.: 1:07-cv-02107-RBW |
| **INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION PLAN, at al.** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

Upon consideration of the Plaintiff's Motion for Leave to File Amended Complaint and and it appearing that such motion should be granted, it is by the Court this _____ day of _____, 2008,

ORDERED, that the Plaintiff's Motion for Leave to File Amended Complaint be, and the same hereby is, granted; and it is further,

ORDERED, that, pursuant to Local Civil Rule 7(i), the Amended Complaint filed with the motion is hereby deemed to have been filed and served.

_____
J U D G E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IAN PHILLIP JAMES** | : |
| 6675 Horseshoe Drive | |
| La Plata, MD 20646 | : |
| | |
| **Plaintiff** | : |
| | |
| v. | : **Case No.: 1:07-cv-02107-RBW** |
| | |
| **INTERNATIONAL PAINTERS AND** | : |
| **ALLIED TRADES INDUSTRY PENSION** | |
| **PLAN** | : |
| 1750 New York Avenue, N.W., | |
| Suite 501 | : |
| Washington, D.C. 20006-5301 | |
| | : |
| **Defendant No. 1** | |
| | : |
| **GARY J. MEYERS** | |
| 1750 New York Avenue, N.W., | : |
| Suite 501 | |
| Washington, D.C. 20006-5301 | : |
| | |
| **Defendant No. 2** | : |
| | |
| Also serve: | : |
| **Secretary of Labor** | |
| c/o Ron Whiting, Deputy Solicitor | : |
| 200 Constitution Avenue, N.W. | |
| Room S2002 | : |
| Washington, D.C. 20210 | |
| | : |
| Also serve: | |
| **Secretary of the Treasury** | : |
| 1500 Pennsylvania Avenue N.W. | |
| Washington, D.C. 20220 | : |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Ian Philip James, by and through his attorney, and states the following Amended Complaint against the above named Defendants.

**JURISDICTION AND VENUE:**

1. This action arises under the Employee Retirement Income Security Act, 29 U.S.C. §1132 et seq. Jurisdiction and venue are based upon 29 U.S.C. §1132(e).

2. This Court has subject matter jurisdiction over this action pursuant to ERISA Section 29 U.S.C. §1132(e)(1).

3. Defendant No. 1, the International Painters and Allied Trades Industry Pension Plan is administered in the District of Columbia. This District is the proper venue pursuant to ERISA Section 29 U.S.C. §1132(e)(2).

4. Defendant No. 2, Gary J. Meyers, is the pension plan Fund Administrator who performs his duties in that capacity in the District of Columbia.

**FACTUAL BACKGROUND:**

5. Having worked as a union employee with 14.54 years of covered employment, the Plaintiff is a vested member of the Glaziers Local 963 union which merged into the International Painters and Allied Trades Industry Union.

6. As a vested employee, the Plaintiff is entitled to retirement pension benefits from the Defendants.

7. In February of 2005, the Plaintiff, applied for retirement benefits.

8. On March 29, 2005 the Defendants denied the Plaintiff's application for benefits.

9. Plaintiff has repeatedly requested a clear explanation of the Defendants' calculations,

copies of all relevant pension plans and a copy of the Plaintiff's complete records.

10. Plaintiff has never received a clear explanation of the Defendants' calculations, copies of all relevant pension plans or a copy of the Plaintiff's complete records.

11. The Plaintiff appealed the denial of his benefits and his appeal was denied on August 23, 2005.

12. The Plaintiff thereafter provided documentation to the Defendants establishing his entitlement to benefits.

13. By letter dated June 27, 2007, the Plaintiff was awarded a pension of $409.68 in monthly benefits based upon the Defendants' credit to the Plaintiff of only 9.5 years of service.

14. The Plaintiff, who had accrued several years of service credits which the Defendants are not honoring, is entitled to 14.54 years of service credits.

15. The Plaintiff, claiming entitlement to more than the $409.68 per month awarded by the Defendants, filed the original Complaint in this case on November 20, 2007.

16. During the course of the discovery process, Plaintiff decided, due to the lack of documentation from the Defendants and concern about retaliation against himself and his witness, to discontinue the litigation and accept the $409.68 pension award.

17. On June 7, 2008, Plaintiff executed the acceptance forms for the $409.68 pension and mailed them to the Defendants with the intention of dismissing the instant lawsuit if the Defendants honored the acceptance.

18. The Defendants, by letter dated June 19, 2008, rejected the acceptance of benefits from the Plaintiff and reduced the amount of benefits offered to the Plaintiff from $409.68 to $46.93 per month.

19. During the course of discovery in this case, the Plaintiff provided the name of Harold Schwartz, his former partner, as a witness in this case who would support Plaintiff's position regarding pension benefits.

20. Harold Schwartz, who worked roughly the same years as the Plaintiff, had been awarded a monthly pension of $602.00 in March of 2002 which the Defendants had been paying to him since that date.

21. In retaliation against Harold Schwartz for his potential testimony in this case, the Defendants terminated his benefits by letter dated June 19, 2008.

### COUNT ONE - MONETARY DAMAGES

22. Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

23. Plaintiff seeks compensatory damages for the past benefits that have been improperly denied to him pursuant to 29 U.S.C. §1132 et seq.

WHEREFORE, Plaintiff seeks damages from both Defendants, jointly and severally, in the amount of five hundred thousand dollars.

### COUNT TWO - DECLARATORY JUDGMENT

24. Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

25. Plaintiff seeks declaratory judgment as to the amount of retirement benefits, both past and future, to which he is entitled from the International Painters and Allied Trades Industry Pension Plan.

26. Alternatively, Plaintiff seeks declaratory judgment that he is entitled to the $409.68 in

monthly benefits previously awarded by the Defendants which the Plaintiff accepted on June 7, 2008.

**COUNT THREE - RETALIATORY ACTION**
**VIOLATION OF 29 U.S.C.A. §1140**

27. Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

28. In retaliation against the Plaintiff for filing the instant lawsuit, after the Plaintiff accepted the $409.68 pension previously awarded to him, the Defendants rejected the Plaintiff's acceptance and reduced the offered pension from $409.68 to $46.93 per month.

29. In addition to retaliating against the Plaintiff, the Defendants have retaliated against a witness, Harold Schwartz, who was named in discovery as a witness who would testify in favor or the Plaintiff.

30. Harold Schwartz, the Plaintiff's former partner, had been awarded a monthly pension of $602.00 in March of 2002 by the Defendants which the Defendants had been paying to him since that date.

31. In retaliation against Harold Schwartz for his potential testimony in favor of the Plaintiff, the Defendants have terminated Harold Schwartz' benefits.

32. The Defendants' egregious conduct in retaliating against both the Plaintiff and his witness, constitutes an interference with protected rights in violation of 29 U.S.C.A. §1140.

33. Plaintiff seeks all relief and damages otherwise set forth in this complaint pursuant to 29 U.S.C. §1132 which are applicable pursuant to the terms of 29 U.S.C. §1140 including but not limited to injunctive relief re-instating the $602.00 pension to Harold Schwartz and the $409.68 pension award to the Plaintiff.

34. Plaintiff also seeks punitive damages against the Defendants for such amount as the Court deems just and proper.

## COUNT FOUR - INJUNCTIVE RELIEF

35. Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

36. Plaintiff seeks injunctive relief directing Defendant No. 2, Gary J. Meyers, the Fund Administrator, to pay the Plaintiff the benefits to which the Plaintiff is entitled.

37. Plaintiff further seeks injunctive relief directing the Defendants to discontinue their retaliatory actions against the Plaintiff's witness, Harold Schwartz and re-institute the monthly pension of $602.00 Harold Schwartz was receiving prior to the Defendants' retaliatory action.

## COUNT FIVE - REFUSAL TO SUPPLY REQUESTED INFORMATION

38. Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

39. In denying the Plaintiff's application, the Defendants failed to provide the Plaintiff's union employment records or relevant documentation and failed to provide Plaintiff with an understandable explanation for the denial of benefits thereby violating 29 U.S.C. §1132(c)(1))(B) and 29 U.S.C. §1133.

40. By certified letter dated December 12, 2006, Plaintiff, through counsel, requested that Defendant Meyers provide the Plaintiff, *inter alia*, with a clear explanation of the denial, a copy of the relevant plans and regulations, and a copy of the Plaintiff's records.

41. Plaintiff repeated his request, through counsel, in letters and/or faxes to Defendant Meyers or his designee, dated March 26, 2007, April 5, 2007, April 18, 2007, July 5, 2007, July

12, 2007, July 17, 2007, August 17, 2007 and repeatedly in discovery in this case.

42. Defendant Meyers has failed to supply the requested records, explanation and information.

WHEREFORE, Plaintiff seeks damages from Defendant No. 2, Gary J. Meyers, in the amount of one hundred dollars per day from the date of each refusal in accordance with 29 U.S.C. §1132(c)(1))(B).

## COUNT SIX - BREACH OF CONTRACT

43. Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

44. In addition to statutory violations, Plaintiff asserts common law breach of contract on the part of both Defendants.

WHEREFORE, Plaintiff seeks a judgment against both Defendants, jointly and severally, in the amount of five hundred thousand dollars.

## COUNT SEVEN - ATTORNEYS FEES

45. Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

46. Plaintiff seeks attorneys fees and costs in pursuant to 29 U.S.C. §1132(g)(1) and 29 U.S.C. §1140 from both Defendants, jointly and severally.

        Respectfully submitted,


        <u>/s/ Neil Intrater</u>
        Neil Intrater
        2310 Evans Drive
        Silver Spring, Maryland 20902
        301-754-0378
        Intrater@comcast.net
        Attorney for Plaintiff