UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IAN PHILLIP JAMES                           :
6675 Horseshoe Drive                        :   Case No: 1:07-cv-02107 RBW
La Plata, MD 20646                          :
                                            :
            Plaintiff                       :
                                            :
v.                                          :
                                            :
INTERNATIONAL PAINTERS AND                  :
ALLIED TRADES INDUSTRY PENSION              :
PLAN, and                                   :
GARY J. MEYERS                              :
1750 New York Avenue, N.W.,                 :
Suite 501                                   :
Washington, D.C. 20006-5301                 :
                                            :
            Defendants                      :

## ANSWER TO THIRD AMENDED COMPLAINT

Defendants International Painters and Allied Trades Industry Pension Fund ("Fund" or jointly with Meyers, "Pension Plan") and Gary J. Meyers, answer the Third Amended Complaint in this action as follows:

    1.    Admitted.

    2.    Admitted, except for Plaintiff's failure to exhaust Plan administrative remedies before suit.

    3.    Admitted.

    4.    Admitted.

    5.    Denied.

    6.    Denied.

    7.    Admitted.

    8.    Admitted.

9. Denied.

10. Denied.

11. Admitted.

12. Admitted that Plaintiff provided additional documentation to the Defendants that speaks for itself and otherwise denied.

13. Admitted.

14. Denied.

15. Admitted.

16. Denied.

17. Admitted that Plaintiff signed the forms on June 7, 2008 and otherwise denied.

18. Admitted that a letter was sent to Plaintiff, dated June 19, 2008, which speaks for itself and otherwise denied.

19. Admitted that the name of Harold Schwartz was provided in discovery and otherwise denied.

20. Admitted that Defendants commenced payment of a monthly pension benefit of $602.00 to Harold Schwartz in March 2002 and otherwise denied.

21. Admitted that by letter dated June 19, 2008, which speaks for itself, Harold Schwartz's benefit was suspended upon discovery of a miscalculation from using a Local Union 963 Pension Plan work history for Harold Schwartz, Jr. and otherwise denied.

## COUNT ONE – MONETARY DAMAGES

22. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

23. Admitted only that Plaintiff claims to seek compensatory damages for past

benefits that have been denied of $500,000.00, and otherwise denied as there is no basis in law or fact for any claim for that exorbitant amount nor any amount above the amount already awarded by the Fund.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT TWO - DECLARATORY JUDGMENT

24. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

25. Admitted only that Plaintiff claims to seek a declaratory judgment as to the amount of retirement benefits, both past and future, from the International Painters and Allied Trades Industry Pension Plan.

26. Admitted only that Plaintiff claims to seek a declaratory judgment that he is entitled to a monthly pension benefit of $409.68 from the Fund.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT THREE - INJUNCTIVE RELIEF

27. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

28. Denied.

29. Denied.

30. Admitted.

31. Denied.

32. Denied.

33.   Admitted only that Plaintiff claims to seek damages as set forth in his Complaint.

34.   Admitted only that Plaintiff claims to seek punitive damages and otherwise denied as there is no basis in law or fact for any claim for punitive damages nor any amount above the amount already awarded by the Fund.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT FOUR – INJUNCTIVE RELIEF

35.   Defendants incorporate by reference their prior answers to the allegations in the Complaint.

36.   Admitted only that Plaintiff claims to seek injunctive relief directing Meyers to pay him a benefit and otherwise denied.

37.   Admitted only that Plaintiff claims to seek injunctive relief directing Defendants to pay Harold Schwartz a monthly pension benefit of $602.00 per month and otherwise denied.

## COUNT FIVE – REFUSAL TO SUPPLY REQUESTED INFORMATION

38.   Defendants incorporate by reference their prior answers to the allegations in the Complaint.

39.   Denied.

40.   Admitted that Plaintiff's counsel sent a letter dated December 12, 2006, that otherwise speaks for itself and otherwise denied.

41.   Admitted that Plaintiff's counsel sent letters and/or faxes to Defendant Meyers dated March 26, 2007, April 5, 2007, April 18, 2007, July 5, 2007, July 12 2007, July 17, 2007, and August 17, 2007 that speak for themselves and otherwise denied.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

42. Denied.

## COUNT SIX - BREACH OF CONTRACT

43. Defendants incorporate by reference their prior answers to the allegations in the Complaint.

44. Admitted that Plaintiff claims to seek damages for common law breach of contract in the amount of $500,000, and otherwise denied as there is no basis in law or fact for any claim for that exorbitant amount nor any amount above the amount already awarded by the Pension Plan.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## COUNT SEVEN - ATTORNEYS FEES

45. Defendants incorporate by reference their prior answer to the allegations and in the Complaint.

46. Admitted that Plaintiff claims to seek attorneys fees and costs in pursuant to 29 U.S.C. §1132(g)(1) from both Defendants, jointly and severally, and otherwise denied as there is no basis in law or fact for the claim.

WHEREFORE, Defendants ask that the Court dismiss this action, grant them their attorney fees and such other relief as may be just, necessary or appropriate.

## AFFIRMATIVE DEFENSES

Defendants incorporate by reference the affirmative defenses contained in their Amended Answer and Counterclaim.

## COUNTERCLAIM

Defendants incorporate by reference the counterclaim contained in their Amended Answer and Counterclaim.

>Respectfully submitted,
>
>JENNINGS SIGMOND, P.C.
>
>/s/ Kent Cprek
>KENT CPREK (D.C. ID # 478231)
>510 Walnut Street – Suite 1600
>Philadelphia, PA   19106-3683
>215-351-0615
>
>Counsel for Defendants

Date: August 7, 2008

## CERTIFICATE OF SERVICE

I state under penalty of perjury that a copy of the foregoing Answer and Affirmative Defenses of Defendants was served electronically via the CM/ECF System and first class mail, postage prepaid on the date set forth below addressed to:

Neil Intrater
2310 Evans Drive
Silver Spring, MD 20902
Intrater@comcast.net
Attorney for Plaintiff

/s/ Kent Cprek

Dated: August 7, 2008

197902.1